UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-00293

MORGAN HOWARTH,

        Plaintiff,

v.

AUDIOHOLICS, L.L.C. AND GENE DELLASALA,

        Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff MORGAN HOWARTH by and through his undersigned counsel, brings this Complaint against Defendants AUDIOHOLICS, L.L.C. AND GENE DELLASALA for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff MORGAN HOWARTH ("Howarth") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Howarth's original copyrighted Work of authorship after removal of his copyright management information ("CMI").

2. Howarth, based in Washington DC, has been a photographer for over 25 years and first came to photography while studying engineering in college.

Inspired by a photojournalist, he changed his course load and never looked back. Now, Howarth focuses on interior and architecture work but is adept in almost all forms of photography. His rich and illustrative style brings architecture to life by combining a multitude of separately lit images into that one perfect shot. Howarth has photographed for a multitude of national clients in a variety of businesses.

3. Defendant AUDIOHOLICS, L.L.C. ("Audioholics") is a home-theater review publication company with a mission of "pursuing the truth in audio & video" by providing objective, data-driven reviews and technical articles. At all times relevant herein, Audioholics owned and operated the internet website located at the URL https://www.audioholics.com/ (the "Website"), the Facebook URL https://www.facebook.com/Audioholics (the "Facebook page") and the Instagram URL https://www.instagram.com/audioholics.llc/ (the "Instagram page").

4. Defendant GENE DELLASALA ("DellaSala") is the founder and owner of Autioholics.com.

5. Defendants Audioholics and DellaSala are collectively referred to herein as "Defendants".

6. Howarth alleges that Defendants copied Howarth's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Audioholics, L.L.C. is a Florida Limited Liability Company, with its principal place of business at 5450 Bruce B. Downs Boulevard, Suite 159, Wesley Chapel, Florida, 33544, and can be served by serving its Registered Agent, Gene Dellasala, at the same address.

12. Gene DellaSala is an individual residing in Pasco county, state of Florida, and can be served at 7770 Roma Dune Drive, Wesley Chapel, Florida 33545.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2015, Howarth created the photograph entitled "Home movie theatre," which is shown below and referred to herein as the "Work."



14. At the time Howarth created the Work, Howarth applied CMI to the Work consisting of "© Morgan Howarth" written through the center of the Work.

15. Howarth registered the Work with the Register of Copyrights on August 7, 2015 as part of a group registration. The Group Registration was assigned registration number VA 1-966-326. The Certificate of Registration is attached hereto as **Exhibit 1**.

16. At all relevant times Howarth was the owner of the copyrighted Work.

### INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about June 12, 2025, Howarth discovered the unauthorized use of his Work on the Website. Defendants used the Work on the Audioholics Facebook page in a post, "Thanking Morgan Howarth for sharing this #audiophile #hometheater. Thoughts?", as well as on the Instagram page in a post, "Thanking #audiophile Jennifer Sergent for starting our #AudioMusicMonday."

20. Defendants copied Howarth's copyrighted Work without Howarth's permission.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their regular business activities.

22. Defendants copied and distributed Howarth's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

23. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Howarth never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

25. Howarth notified Defendants of the allegations set forth herein on July 9, 2025. To date, the parties have failed to resolve this matter.

26. When Defendants copied and displayed the Work, Defendants removed Howarth's CMI from the Work.

27. Howarth never gave Defendants permission or authority to remove CMI from the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Howarth incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Howarth owns a valid copyright in the Work.

30. Howarth registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Howarth's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of its business activities.

33. Defendants' acts were willful.

34. Howarth has been damaged.

35. The harm caused to Howarth has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36. Howarth incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. The Work at issue in this case contains CMI.

38. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

39. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Howarth's rights in the Work at issue in this action protected under the Copyright Act.

40. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Howarth's rights in the Work at issue in this action protected under the Copyright Act.

41. Howarth has been damaged.

42. The harm caused to Howarth has been irreparable.

WHEREFORE, the Plaintiff MORGAN HOWARTH prays for judgment against the Defendants AUDIOHOLICS, L.L.C. AND GENE DELLASALA that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

  b. Defendants be required to pay Howarth his actual damages and Defendants' profits attributable to the infringement, or, at Howarth's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

  c. Howarth be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  d. Howarth be awarded pre- and post-judgment interest; and

  e. Howarth be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Howarth hereby demands a trial by jury of all issues so triable.

Dated: January 30, 2026    Respectfully submitted,

    */s/ Sanje V. Lara*
    SANJE V. LARA
    Florida Bar Number: 1031680
    sanje.lara@sriplaw.com
    JOEL B. ROTHMAN
    Florida Bar Number: 98220
    Joel.rothman@sriplaw.com
    **SRIPLAW, P. A.**
    21301 Powerline Rd
    Suite 100
    Boca Raton, FL 33433
    561.404.4335 – Telephone
    561.404.4353 – Facsimile

    *Counsel for Plaintiff Morgan Howarth*