**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| MORGAN HOWARTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:26-CV-00293-KKM-LSG |
| | ) | |
| AUDIOHOLICS, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Defendants AUDIOHOLICS, L.L.C.'s and Gene DellaSala (collectively, "Audioholics"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Morgan Howarth ("Plaintiff") as follows:

## SUMMARY OF THE ACTION

1. Admitted in part and denied in part. It is admitted only that Plaintiff brings this action under the Copy Right Act, 17 U.S.C. §160 and 1202. The remaining averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

2. After reasonable investigation, Audioholics is without knowledge or information sufficient to form a belief as to the truth of the factual allegations, and therefore denies them.

3. Admitted in part and denied in part.

4. Admitted.

5. Admitted.

6. Denied.

**JURISDICTION AND VENUE**

7. Denied as a legal conclusion.

8. Denied as legal conclusion.

9. Denied as legal conclusion.

10. Denied as legal conclusion.

**DEFENDANTS**

11. Admitted that Audioholics, L.L.C. is a Florida limited liability company and Gene is its registered agent. All other allegations are denied.

12. Admitted.

**THE COPYRIGHTED WORK AT ISSUE**

13. Audioholics is without information or knowledge sufficient as to form a belief as to the truth of the averments contained in this paragraph of Plaintiff's Complaint, as such they are deemed denied.

14. Audioholics is without sufficient information or knowledge sufficient as to form a belief as to the truth of the averments contained in this paragraph of Plaintiff's Complaint, as such they are denied. The allegations are also denied as conclusions of law.

15. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

16. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

**INFRINGEMENT BY DEFENDANTS**

17. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, as such no further response is required.

18. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

19. The exhibits speak for themselves. All other allegations are denied as conclusions of law.

20. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

21. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied. Strict proof thereof is demanded at the time of trial, if material.

22. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

23. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

24. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. Further, Plaintiff permitted broad dissemination of iterations of the photograph lacking the CMI to encourage its further dissemination.

25. Admitted.

26. Denied.

27. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Audioholics hereby incorporates its responses to paragraphs 1 through 27 of its Answer to Plaintiff's Complaint as though the same were set forth at length herein.

29. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied.

30. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law. To the extent factual, Audioholics is without information or knowledge sufficient as to form a belief as to the truth of the factual averments contained in this paragraph of Plaintiff's Complaint, as such they are denied.

31. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

32. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, as such no further response is required or made.

33. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied.

34. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. By way of further response Audioholics specifically denies that any act or omission by it caused any damages to Plaintiff, the existence of which are denied.

35. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied. By way of further response Audioholics specifically denies that any purported act or omission by it caused any damages to Plaintiff, the existence of which are denied.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

36. Audioholics hereby incorporates its responses to paragraphs 1 through 35 of its Answer to Plaintiff's Complaint as though the same were set forth at length herein.

37. Denied.

38. Denied.

39. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

40. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law and are denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

41. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. By way of further response Audioholics specifically denies that any purported act or omission by it caused any damages to Plaintiff, the existence of which are denied.

42. Denied. The averments contained in this paragraph of Plaintiff's Complaint constitute conclusions of law, which are deemed denied. If and to the extent the averments of this paragraph are deemed factual in nature, they are denied.

**WHEREFORE**, Defendants AUDIOHOLICS, L.L.C. and Gene DellaSala respectfully request that judgment be entered in their favor and against Plaintiff, with prejudice and that Defendants be awarded reasonable costs, expenses and attorney's fees, and such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, justification, and unclean hands. For example, Plaintiff intentionally disseminates and allows dissemination of iterations of the photographs lacking any indicia of CMI on the internet in order to trick unsuspecting individuals. At most, any alleged acts were unintentional and de minimis. In addition, the photograph attached as an exhibit to Plaintiff's Complaint (as well as other iterations Plaintiff also allowed to be distributed) improperly use copyrighted material, specifically scenes from various movie productions without any license to do so.

### SECOND AFFIRMATIVE DEFENSE

To the extent if any, that Audioholics used the subject photograph, such use was a fair use as such use had no material impact upon the market value, if any, for the photograph, and it was used for educational and opinion-gathering purposes.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's work was infringed, if any, Audioholics acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights and any purported infringement was de minimis. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability any

general or statutory damages awarded to Plaintiff should be correspondingly reduced.

**FOURTH AFFIRMATIVE DEFENSE**

Audioholics's use of the subject photograph, if any, was transformative.

**FIFTH AFFIRMATIVE DEFENSE**

Audioholics alleges upon information and belief that Plaintiff failed to properly mark its alleged copyrighted material and failed to give Audioholics notice of the alleged infringing activities prior to the filing of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered damages, which is denied, any such damages are speculative and uncertain.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part by the applicable statues of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any loss or damage, which Audioholics denies, any such loss or damage was caused by Plaintiff's own conduct or that of a third party over whom Audioholics had no control and not by any alleged conduct on the part of Audioholics.

## ELEVENTH AFFIRMATIVE DEFENSE

No act or omission by Audioholics was the proximate cause of any alleged injury, loss or damage to Plaintiff and thus, Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Complaint and any damages Plaintiff has allegedly suffered.

**WHEREFORE**, Defendants AUDIOHOLICS, L.L.C.'s and Gene DellaSala respectfully request that judgment be entered in their favor and against Plaintiff, with prejudice and that Defendants be awarded reasonable costs, expenses and attorney's fees, and such other relief as the Court may deem just and proper.

Dated: March 30, 2026

Respectfully submitted,

**GM Law PC**

/s/ *David B. Helms*
David B. Helms (*admitted pro hac vice*)
8000 Maryland Avenue, Suite 1060
St. Louis, MO 63105
Telephone: (314) 474-1750
Facsimile: (816) 471-2221
Email: davidh@gmlawpc.com
***Attorney for Defendants AUDIOHOLICS, L.L.C. and Gene DellaSala***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 30, 2026, the foregoing document was filed with this Court's ECF document system, delivering it to all attorneys of record.

/s/ *David B. Helms*
***Attorney for Defendants***